UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRICKCO INC.

         Plaintiff,

CASE NO. 10-10626
HON. LAWRENCE P. ZATKOFF

v.

NOVI BRS ENTERPRISES, INC. and
ROBERT CVETKOVSKI,

         Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 25, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion to certify class [dkt 13] and Plaintiff's motion for order scheduling hearing on motion for class certification [dkt 15]. The motions have not been fully briefed. However, because Defendants have not timely answered Plaintiff's complaint or responded to Plaintiff's motions, the Court will consider Plaintiff's motions at this time. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. Accordingly, Plaintiff's motion for order scheduling hearing on motion for class certification [dkt 15] is DENIED. For the reasons set forth below, Plaintiff's motion to certify class [dkt 13] is also DENIED, and Plaintiff is ordered to show cause as to why this case should not be

dismissed for lack of federal subject-matter jurisdiction.

## II. BACKGROUND

Plaintiff has filed a putative class action against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA makes it unlawful to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Plaintiff alleges that on October 18, 2006, Defendants sent Plaintiff an unsolicited advertisement by facsimile in violation of the TCPA. Plaintiff further alleges that, on October 18, 2006, Defendants sent the same unsolicited facsimile to 3,787 other persons through a third-party fax broadcaster in New York in violation of the TCPA. Plaintiff now asks the Court to certify the following class:

> All persons who received one or more successfully sent telephone facsimile messages on October 18, 2006, advertising the commercial availability or quality of goods at "Ole Ole Mexican Cantina East Lake Drive, Novi, MI 48390" and listing (248) 668-9005 as the contact number.

## III. STANDARD OF REVIEW

"Class actions . . . permit the plaintiffs to pool claims which would be uneconomical to litigate individually. . . . [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *See Phillips Petroleum v. Shutts*, 472 U.S. 797, 808–09 (1985). "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

## IV. ANALYSIS

**A.  Motion for Class Certification**

Fed. R. Civ. P. 23(a) authorizes one or more members of a class to bring suit as a representative for the class if:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

To proceed with a class action, the requirements of Rule 23(b) must also be satisfied. Plaintiff seeks to proceed under Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  To satisfy the predominance requirement, "a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.'" *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 564 (6th Cir. 2007) (citations omitted). "[C]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* (citation and internal quotation marks omitted).

In considering Plaintiff's motion, the Court does not agree that common issues predominate over the individual ones under Rule 23(b)(3).  While Plaintiff seeks to certify a class consisting of 3,787 individuals who received facsimile transmissions on October 18, 2006, liability exists under

3

the TCPA only if the transmissions were unsolicited, considering prior communications and business relationships, and each unsolicited transmission constitutes a separate violation of the TCPA.  *See* 47 U.S.C. §§ 227(a) and (b).  Thus, the claims of each class member are inherently individualized, inasmuch as an investigation would have to be conducted regarding the factual circumstances of each person who received a facsimile transmission from Defendants in order to determine liability. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Pa. 1995) ("The transmissions to each plaintiff would necessarily occur in different places, at different times and under differing circumstances. Given the individual proof necessary to establish liability, the commonality requirement cannot be met.").  The factual core of the case is not whether Defendants sent facsimile transmissions, but rather, whether each of the individual class members solicited the facsimiles. Therefore, it cannot be said that the action is based on "a single course of conduct which is identical for each of the plaintiffs."  *Sterling*, 855 F.2d at 1197.  While the Sixth Circuit has held that individualized issues related to damages should not preclude class certification, *see id*., the individual issues here are directly related to Defendants' liability.  Accordingly, the Court finds that the individual issues presented in this case predominate over the common issues.

Although Plaintiff notes several courts that have granted motions for class certification under facts similar to those in this case, *see Targin Sign Systems, Inc. v. Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010) *and Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008), other courts have held that such actions are not appropriate for class certification given the individualized nature of the alleged violations.  *See Levitt v. Fax.com*, No. WMN-05-949, 2007 WL 3169078, at *3 (D. MD. May 25, 2007) ("It is this need to make a determination for each class member as to whether the facsimile transmission was unsolicited, both by the lack of express

permission and by the absence of a prior business relationship, that makes class treatment of this action inappropriate and unmanageable."); *Forman*, 164 F.R.D. at 404 ("A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements."); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997). The Sixth Circuit has not weighed in on the availability of class certification in TCPA claims under the circumstances of this case, and Plaintiff has not presented any precedential authority that conflicts with the Court's decision. Accordingly, for the reasons stated *supra*, the Court denies Plaintiff's motion for class certification.

**B. Subject-Matter Jurisdiction**

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In its complaint, Plaintiff asserts that subject-matter jurisdiction is proper (1) on the basis of a federal question under the TCPA, and (2) under the Class Action Fairness Act, 28 U.S.C. § 1332. However, given the Court's ruling on Plaintiff's motion for class certification, and Sixth Circuit authority stating that federal courts do not have federal-question jurisdiction over private TCPA claims, *see, e.g.*, *Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, No. 04-3216, 2004 U.S. App. LEXIS 28047 (6th Cir. Dec. 16, 2004), it appears that the Court may lack subject-matter jurisdiction to hear Plaintiff's claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff SHOW CAUSE, in writing, within ten days of this Order, as to why the Court should not dismiss this action for lack of federal subject-matter jurisdiction. Failure to comply with this Order may result in dismissal of the action. Plaintiff's response shall contain specific and accurate legal support, including pinpoint citations to

authority relied on and shall be limited to seven pages and comply with E.D. Mich. L.R. 5.1. Additionally, Plaintiff shall fax the response to Judge Zatkoff's Chambers in Port Huron, at 810-984-1480.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion to certify class [dkt 13] is DENIED,

IT IS FURTHER ORDERED that Plaintiff's motion for order scheduling hearing on motion for class certification [dkt 15] is DENIED.

IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in writing, within ten days of this Order, as to why the Court should not dismiss this action for lack of federal subject-matter jurisdiction.

IT IS FURTHER ORDERED that the Court's prior Order mandating that Plaintiff seek an entry of default against Defendants within ten days of the Court's decision on Plaintiff's motion for class certification will be held in abeyance pending resolution of the jurisdictional issues.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 25, 2011.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290