**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRICKCO INC.

                                                    CASE NO.  10-10626

      Plaintiff,                        HON. LAWRENCE P. ZATKOFF

v.

NOVI BRS ENTERPRISES, INC. and
ROBERT CVETKOVSKI,

      Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 3, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 20]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted.  The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted.  For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

### II. BACKGROUND

Plaintiff has filed a putative class action against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The TCPA makes it unlawful to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine,

an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Plaintiff alleges that on October 18, 2006, Defendants sent Plaintiff an unsolicited advertisement by facsimile in violation of the TCPA. Plaintiff further alleges that, on October 18, 2006, Defendants sent the same unsolicited facsimile to 3,787 other persons through a third-party fax broadcaster in New York in violation of the TCPA. Plaintiff asked the Court to certify the following class:

> All persons who received one or more successfully sent telephone facsimile messages on October 18, 2006, advertising the commercial availability or quality of goods at "Ole Ole Mexican Cantina East Lake Drive, Novi, MI 48390" and listing (248) 668-9005 as the contact number.

On May 25, 2011, the Court denied Plaintiff's motion for class certification on the basis that TCPA claims are inappropriate for class certification, given the inherent individual issues arising with respect to each recipient's consent to receive facsimile transmissions. The Court also cited several cases supporting the conclusion that TCPA claims are not appropriate for class certification, and noted that such a conclusion did not conflict with any Sixth Circuit precedent.

In its motion for reconsideration, Plaintiff argues that after the Court's order, Plaintiff produced an affidavit from one of Defendant's employees, stating that Defendant obtained its facsimile list from a third party and did not obtain the consent of the recipients before making the transmissions.

### III. STANDARD OF REVIEW

Local Rule 7.1(h)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the

court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

## IV. ANALYSIS

In its motion for reconsideration, Plaintiff asks the Court to reconsider its prior opinion based on: (1) additional evidence tending to support the assertion that Defendant did not obtain the consent of each facsimile recipient; and (2) decisions from courts in other circuits granting motions for class certification in TCPA claims. With respect to the rulings of other circuits, the Court already addressed this argument in its prior order; while courts in some circuits have certified TCPA claims, other circuits have held that TCPA claims are not appropriate for class certification. Again, this Court agrees with the latter. With respect to the additional evidence, the Court finds that it fails to demonstrate that common issues predominate over the individual ones. Even if Defendant purchased its facsimile list from a single source, an investigation would have to be conducted regarding the factual circumstances of each person who received a facsimile transmission from Defendants in order to determine liability. Persons on the list may very well have consented to receiving a facsimile without the knowledge of Defendant's employee providing the affidavit. Having failed to show that this Court's decision conflicts with any binding precedent, the Court denies Plaintiff's motion for reconsideration.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for

3

reconsideration [dkt 20] is DENIED.

    IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: August 3, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 3, 2011.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290